UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| HOWARD E. MARTIN, III, | : | Case No. 2:22-cv-4423 |
| Petitioner, | : | |
| vs. | : | Judge Sarah D. Morrison |
| | : | Magistrate Judge Karen L. Litkovitz |
| TIM SHOOP, WARDEN CHILLICOTHE CORRECTIONAL INSTITUTION | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATIONS

This habeas corpus matter was opened on the Court's docket on December 19, 2022. (*See* Doc. 1). Petitioner initially submitted the originating document, entitled "Writ of Habeas Corpus," in a separate civil case he is pursuing in this Court. *See Martin v. State of Ohio,* No. 2:22-cv-1654 (S.D. Ohio) (Doc. 18 therein). The Clerk of Court then opened this separate habeas corpus action with the originating document. The cases are proceeding separately.

On December 27, 2022, Petitioner was ordered to address two issues in this case. First, Petitioner was ordered to either pay the $5.00 filing fee or move to proceed *in forma pauperis*. Second, Petitioner was ordered to file an amended petition on the appropriate standard form that names a proper respondent and sets forth his grounds for relief and other required information. (Deficiency Order, Doc. 3). The Court sent Petitioner blank copies of the standard forms he might need.

On January 30, 2023, the Court again ordered Petitioner to pay the filing fee or move to proceed *in forma pauperis.* (Second Deficiency Order, Doc. 5). The Court also reiterated that a proper habeas corpus petition, on the proper form, was needed:

> [Petitioner] is also **ORDERED** to submit to the Court an Amended Petition, <u>using the appropriate standard form</u>, setting out his grounds for relief and the other required information. The Amended Petition must name a proper respondent over which this Court would have jurisdiction and upon which this Court could order service.

(Doc. 5, PageID 41) (emphasis in original). As in the first Deficiency Order, Petitioner was advised "that failure to comply with this Second Deficiency Order will result in the dismissal of this action for want of prosecution and/or failure to comply with the Court's orders." (Doc. 3, PageID 21; Doc. 5, PageID 40).

Petitioner has since paid the $5.00 filing fee. He has submitted two further filings that may be intended to be amended petitions for habeas corpus relief. (*See* Doc. 4, 6). In the most recent filing, he lists the Warden of Chillicothe Correctional Institution as Respondent in the caption, which appears to be appropriate. (Doc. 6). But Petitioner still has not submitted an amended petition that complies with this Court's deficiency orders.

Specifically, Petitioner has failed to submit a petition on the appropriate standard form as anticipated by Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules") and as ordered by this Court. As this Court explained in the first Deficiency Order:

> [T]he "Writ of Habeas Corpus" document submitted by Petitioner is not on the proper form used to seek habeas corpus relief in federal court. Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules") requires a state prisoner seeking habeas corpus relief to provide certain information in his petition. The 2254 Rules anticipate that a petition will be on the standard form to ensure that petitioner provides the required information to the court. *See* Rule 2(d) of the 2254 Rules. The document submitted by Petitioner is not on the standard form and does not contain all the required information.
>
> . . .
>
> In this respect, the Court notes that Petitioner is in custody in a state correctional facility and appears to be "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1). According to the website of the Ohio Department of Rehabilitation and Correction, Petitioner is in custody pursuant to a judgment of

2

> a Hamilton County, Ohio, Court. *See* https://appgateway.drc.ohio.gov/Offender Search/Search/Details/A733696 (citing Case No. B1405503) (accessed December 21, 2022). This is the same case number Petitioner references in his initial filing. (*See* Doc. 1, PageID 3).
>
> It thus appears that Petitioner must submit his petition under 28 U.S.C. § 2254, using the appropriate form for such a petition. Petitioner, however, appears to seek to proceed under 28 U.S.C. § 2255. (*See* Doc. 1, PageID 3, 7, 9 (citing that statute)). Section 2255 is available only to "[a] prisoner in custody under sentence of a court established by Act of Congress," that is, a federal court. *See Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (holding that Section 2255 "does not apply to state prisoners"). But because of the paucity of information in the initial filing, it is unclear which is appropriate.
>
> Petitioner is **ORDERED** to submit to the Court an Amended Petition, using the appropriate standard form, setting out his grounds for relief and the other required information. The Amended Petition must name a proper respondent over which this Court would have jurisdiction and upon which this Court could order service.

(Deficiency Order, Doc. 3, PageID 19-20). The Court sent Petitioner copies of the standard forms for both a § 2254 petition and a § 2255 motion, but he did not return either.

Instead, Petitioner has twice refiled, with largely the same content, the "Writ of Habeas Corpus" document that he originally submitted. (*Compare* Doc. 1, Doc. 4, and Doc. 6). Petitioner still seeks to proceed under 28 U.S.C. § 2255 (*see* Doc. 6, PageID 42, 47, 49) but has not identified the judgment of a federal court under which he is in custody. Petitioner has likewise not identified the date of his conviction and sentence (and any appeals), which may be relevant to this Court's determination of whether the statute of limitations bars his action. *See* 28 U.S.C. § 2244(d). He has not described whether he has exhausted his state court remedies, which is generally required before a state prisoner can seek habeas corpus relief. *See* 28 U.S.C. § 2254(b)-(c). He has not indicated whether he has previously sought federal habeas corpus relief, which may require him to obtain authorization from the Court of Appeals before seeking

3

such relief here. *See* 28 U.S.C. § 2244(b). His filings are not signed under penalty of perjury and do not substantially follow the standard form as the Habeas Rules require.[1]

In short, Plaintiff has failed to provide sufficient information for this Court to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, Habeas Rules. Without a proper petition, the Undersigned is unable to conduct the required preliminary review.

This is not the first time that Petitioner has been directed to file a proper petition or application for a writ of habeas corpus under § 2254 if he wanted to pursue such relief. In a previous civil action, this Court recounted some history of Petitioner's conviction and provided him with some instruction about filing a proper petition in this Court:

> Following an Ohio State Supreme Court judgment relating to his state-court criminal conviction, Plaintiff, Howard E. Martin III, a state inmate who is proceeding without the assistance of counsel, sought to appeal the judgment by filing a document he labeled "NOTICE OF APPEAL." (ECF No. 1). However, Plaintiff did not include the required filing fee or an application to proceed in forma pauperis. (ECF No. 2). As a result, the Magistrate Judge issued a Notice of Deficiency and advised Plaintiff to proceed by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, to the extent he sought an order declaring that his state-court criminal conviction was obtained in violation of his rights guaranteed under the Constitution. (ECF No. 32-3). Plaintiff subsequently filed his *in forma pauperis* application along with other documents and attachments, two of which were titled "COMPLAINT." (See ECF Nos. 4, 5, and 5-1).
>
> The Magistrate Judge considered these filings together to determine whether they were subject to dismissal under § 1915(e). (ECF No. 6 at 5). After construing Plaintiff's filings liberally, the Magistrate Judge found that Plaintiff may have been

---

[1] Rule 2 provides, in relevant part:
   **(c) Form.** The petition must:
      (1) specify all the grounds for relief available to the petitioner;
      (2) state the facts supporting each ground;
      (3) state the relief requested;
      (4) be printed, typewritten, or legibly handwritten; and
      (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.
   **(d) Standard Form.** The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge.
Rule 2, Habeas Rules.

4

> seeking to advance the following claims: (1) a direct appeal of a judgment the Ohio Supreme Court entered relating to a state-court criminal case; (2) <u>claims for habeas relief</u>; (3) a First Amendment access-to-courts claim; (4) a civil perjury claim; (5) due process claims for lost property; and (6) state-law attorney malpractice claims. (ECF No. 6 at 5-6).
>
> Plaintiff timely filed an Objection to the Report and Recommendation. (ECF No. 12, 13, 14). In his objection, Plaintiff seems to have appealed each of the above claims and additionally asserted two more claims: (1) a Sixth Amendment right to a fast and speedy trial claim; and (2) an Eighth Amendment Cruel and Unusual Punishment claim. (ECF No. 13).
>
> . . .
>
> **B. Claims for Habeas Relief**
>
> Plaintiff maintains the assertion that his trial and appellate counsel in his state-court criminal actions provided ineffective assistance of counsel in violation of the Sixth Amendment. (ECF No. 13). In the Magistrate Judge's Report and Recommendation, <u>these claims were dismissed without prejudice and Plaintiff was advised to instead appropriately proceed with these claims in an application for writ of habeas corpus under 28 U.S.C. § 2254</u>. (ECF No. 6 at 6-7).
>
> However, <u>Plaintiff appears to regard his objection to the Magistrate Judge's Report and Recommendation as his application for writ of habeas corpus</u> and, indeed, titles his objection as "Writ of Habeas Corpus." (ECF No. 13).
>
> <u>An objection to a Magistrate Judge's Report and Recommendation does not constitute an application for writ of habeas corpus; instead, an application for writ of habeas corpus must be filed in accordance with 28 U.S.C. § 2254</u>. Therefore, the Magistrate Judge did not err in recommending the Court dismiss Plaintiff's habeas claims without prejudice and instruction to file a petition for writ of habeas corpus under 28 U.S.C. § 2254. Accordingly, Plaintiff's Motion to Enforce Habeas Corpus (ECF No. 23) is also dismissed without prejudice.

*Martin v. Ohio*, No. 2:18-cv-1147, 2019 WL 2373746, at *1-2 (S.D. Ohio June 5, 2019), *recon. denied*, 2019 WL 6051113 (S.D. Ohio Nov. 15, 2019), *second recon. denied*, 2020 WL 13627213 (S.D. Ohio July 21, 2020) (Marbley, C.J.; Vascura, M.J.) (emphases added). The United States Court of Appeals for the Sixth Circuit found Petitioner's attempted appeal from this decision to be frivolous:

> There is no non-frivolous basis on which to argue that the district court erred by dismissing without prejudice Martin's claims of ineffective assistance of counsel,

5

> perjured and tainted testimony, and the denial of a speedy trial, because—as the district court explained to Martin at the outset—he needed to raise those claims in a § 2254 petition, not a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

*Martin v. Ohio*, No. 19-3844 (6th Cir. Sept. 1, 2020) (Order, p.4). *See also Martin v. Ohio*, No. 1:12-cv-650, 2013 WL 1750362, at *3 (S.D. Ohio Apr. 23, 2013) (Barrett, D.J.; Bowman, M.J.) (dismissing purported "habeas corpus" allegations directed to plaintiff's previous conviction that were raised in a § 1983 complaint). Petitioner has not, despite these admonitions, and despite the two deficiency orders issued in this case, filed a proper petition for a writ of habeas corpus here.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). Failure of a party to comply with an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b) (applicable here under Rule 12, Habeas Rules ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")). Here, Petitioner was twice warned that his case would be dismissed if he did not file a proper petition on the appropriate form. (Doc. 3, PageID 21; Doc. 5, PageID 40). He has failed to do so.

Accordingly, the Undersigned **RECOMMENDS** that this Court **DISMISS** this action without prejudice for want of prosecution and for failure to comply with this Court's two deficiency orders. *See Allen v. King*, No. 2:21-cv-10908, 2021 WL 5499243 (E.D. Mich. Nov. 22, 2021) (dismissing habeas matter for failure to comply with an order to file a proper habeas

6

petition); *Smith v. Covington*, No. 5:10-cv-336, 2011 WL 4005341, at *1 (E.D. Ky. Mar. 14, 2011), *report and recommendation adopted*, 2011 WL 4005337 (E.D. Ky. Sept. 8, 2011) (dismissing habeas matter where the initial filing "did not comply with Rule 2 of the Rules Governing Habeas Corpus Cases Under Section 2254 because the submission did not substantially conform to the standard form" and "did not provide the relevant information regarding the underlying conviction, which was required to ensure that the Petition was properly before the Court" and "it cannot be determined whether Petitioner exhausted all state remedies, which is required before federal habeas review occurs," and the petitioner failed to correct the issue); *Brown v. Horton*, No. 2:19-cv-174, 2019 WL 7765355, at *2-3 (W.D. Mich. Nov. 26, 2019), *report and recommendation adopted*, 2020 WL 475244 (W.D. Mich. Jan. 29, 2020) (noting that the court had previously dismissed a non-standard habeas petition where the petitioner failed to comply with an order to file an amended petition on the standard form).

The Undersigned further **RECOMMENDS** that the Court **DENY** a certificate of appealability, as reasonable jurists would not debate whether Petitioner has failed to comply with this Court's two deficiency orders. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

March 17, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE