UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| HOWARD E. MARTIN, III, | : | Case No. 2:22-cv-4423 |
| | : | |
| Petitioner, | : | |
| | : | Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| TIM SHOOP, WARDEN, | : | |
| CHILLICOTHE CORRECTIONAL | : | |
| INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

In this habeas corpus matter, Petitioner has submitted both a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" and a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (*See* Doc. 11-1, 11-2 (emphasis added)). In both documents, Petitioner challenges the convictions and sentences imposed on him in the Hamilton County, Ohio, Court of Common Pleas. (*Id.*). Petitioner is therefore a person *in state custody* who must proceed under § 2254. In the language of the statute, he is "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). *See Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006) (quoting *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369 (6th Cir. 2001)) ("[W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements . . . apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody . . .)").

The § 2254 Petition has been deemed the operative petition in this case. (*See* Doc. 13, PageID 110; Doc. 14). The Court has ordered Respondent to file the record and an answer, and the matter is proceeding. (Doc. 13).

The § 2255 Motion, however, should be denied. Section 2255 only applies to "[a] prisoner in custody under sentence of a court established by Act of Congress," that is, the sentence of a federal court. *See Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (holding that Section 2255 "does not apply to state prisoners"). Here, Petitioner is a state prisoner serving a sentence imposed by a state court. (*See* Doc. 11-2, PageID 96). *See also* Ohio Department of Rehabilitation and Correction website, available at https://appgateway.drc.ohio.gov/Offender Search/Search/Details/A733696 (reflecting Petitioner's Hamilton County convictions) (last accessed May 6, 2023).

Although he has filed civil cases in this federal court attempting to challenge his state criminal convictions, he is not under the sentence of a federal court or in custody on the authority of a federal court. *See, e.g., Martin v. Ohio*, No. 2:18-cv-1147, 2019 WL 2373746, at *1-2 (S.D. Ohio June 5, 2019), *recon. denied*, 2019 WL 6051113 (S.D. Ohio Nov. 15, 2019), *second recon. denied*, 2020 WL 13627213 (S.D. Ohio July 21, 2020) (noting that Petitioner attempted to appeal his state conviction to this Court). A search of this Court's records has revealed no federal criminal cases pending or resolved against Petitioner.

Petitioner previously attempted to proceed in this case under § 2255. (*See* Doc. 1, 4, 6, 12). He alleges that "Congress['] Failure to respond to the Petitioner's Report to Congress, in case: 2:22-cv-1654 is the Act or Inaction which entitle[s] the Petitioner to Relief of Habeas Corpus Under 28 U.S.C. 2255." (Doc. 12, PageID 108). The cited case, No. 2:22-cv-1654, is a civil rights action Petitioner filed in this Court against the State of Ohio alleging improper

2

behavior by a state correctional officer at a state prison facility. (*See* Doc. 1 in Case No. 2:22-cv-1654). He filed a "Report to Congress" in that case. (Doc. 19 in Case No. 2:22-cv-1654). A Magistrate Judge of this Court has recommended that the case be dismissed for failure to prosecute. (*See* Doc. 25 in Case No. 2:22-cv-1654).

Contrary to Petitioner's assertion, the fact that he has filed lawsuits in federal court does not make him a "prisoner in custody under sentence of a court established by Act of Congress" or entitle him to relief under 28 U.S.C. § 2255. The relevant question is not whether this federal Court has considered his state convictions or whether Congress has responded to a filing, but whether Petitioner is "[a] prisoner in custody under sentence of a [federal] court." 28 U.S.C. § 2255(a). He is not. He therefore has no claim under § 2255.

The § 2255 Motion is also unnecessary. Petitioner's state convictions are already before this Court for review in his § 2254 Petition. (*See* Doc. 13). His challenges to those convictions will be resolved in the ordinary course of this case.

The Undersigned accordingly **RECOMMENDS** that this Court **DENY** Petitioner's § 2255 Motion. (Doc. 11-2).

**NOTICE REGARDING OBJECTIONS TO
THIS REPORT AND RECOMMENDATION**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

3

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

May 8, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE