**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| HOWARD E. MARTIN, III, | : | Case No. 2:22-cv-4423 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | Judge Sarah D. Morrison |
| | : | Magistrate Judge Karen L. Litkovitz |
| TIM SHOOP, WARDEN, | : | |
| CHILLICOTHE CORRECTIONAL | : | |
| INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus.  The matter is awaiting an answer from Respondent, which is currently due on July 10, 2023.  (*See* Order for Answer, Doc. 13; Notation Order Granting Respondent's Motion for Extension of Time, Doc. 19).

The matter is currently before the Court on Petitioner's Motion for Judgment by Default under Fed. R. Civ. P. 55.  (Doc. 21).  The Motion contains no argument, but Petitioner attaches a letter asserting that Respondent's recent motion for an extension of time was made in bad faith. (Doc. 21-1, PageID 145).  Respondent has not filed a response.

The Motion should be denied.  "Default judgments are not available in federal habeas corpus cases as the writ of habeas corpus does not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treatises of the United States."  *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *superseded on other grounds by statute as stated in, Cobb v. Perini*, 832 F.2d 342 (6th Cir. 1987); *Willenbrink v. Warden, Madison Corr. Inst.*, No. 1:22-cv-115, 2022 WL 4111214, at *1 (S.D. Ohio Aug. 22, 2022), *report and recommendation adopted*, 2022

WL 4292828 (S.D. Ohio Sept. 16, 2022) (and the cases cited therein) (noting that default judgment was unavailable in habeas case even where respondent inexplicably failed to file an answer); *Mapp v. Ohio*, No. 2:12-cv-1039, 2013 WL 4458838, at *1 (S.D. Ohio Aug. 20, 2013) (quoting *Ruff v. Jackson*, No. 1:04-cv-14, 2005 WL 1652607, at *2 (S.D. Ohio June 29, 2005) (even if respondent failed to timely respond to the Petition, default judgment would not be appropriate, as that relief "is unavailable in habeas corpus proceedings").

The Undersigned therefore **RECOMMENDS** that the Court **DENY** Petitioner's Motion for Judgment by Default.  (Doc. 21).

## <u>NOTICE REGARDING OBJECTIONS TO</u><br><u>THIS REPORT AND RECOMMENDATION</u>

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof.  Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court.  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a

waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


June 16, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE

3