UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOWARD E. MARTIN, III,

        Petitioner,  :        Case No. 2:22-cv-04423

  - vs -                                      Chief Judge Sarah D. Morrison
                                                     Magistrate Judge Michael R. Merz

TIM SHOOP, WARDEN,
 Chillicothe Correctional Institution,

                                                 :
        Respondent.

## OPINION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Howard Martin under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 59) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice ("Report," ECF No. 57).

Petitioner pleads only one Ground for Relief:

> **Ground One:** A Violation of Fifth Amendment of the United States Constitution.
>
> **Supporting Facts:** The Court Appointed Attorney who the Judge wouldn't allow the Defendant to fire did not present the exculpatory evidence into discovery.

(Doc. #: 14, PageID #: 117).

The Magistrate Judge concluded that Martin's Petition was filed several years after expiration of the statute of limitations and recommended dismissal on

1

that basis. (Report, ECF No. 57, PageID 1617). The Report also concluded the Petition violated Habeas Rule 2 by giving no hint of what exculpatory evidence an effective defense attorney would have presented. *Id.* Assuming the supposed exculpatory evidence is the failure of witness Kelly Johnson to identify the "grey bag" Martin claims he was carrying at the time of the offense, the Report found that claim was procedurally defaulted because Martin raised it in a motion for new trial but did not appeal from denial of that motion. *Id.* at PageID 1618.

In his Reply Martin takes issue with the trial testimony of State's witness Kelly Johnson that he never lost sight of Martin at the time of the crime. Martin's theory is that he was carrying/wearing a grey bag at the time of the crime, the same grey bag that is shown on the Sheriff's property receipt and that if Johnson had been paying attention, he would have seen the grey bag. Martin argues his attorney's acquaintance with Kelly Johnson as a fellow attorney created a disqualifying conflict of interest. The Report concluded this did not create a conflict of interest and that introduction of the grey bag would likely have had no impact on the outcome. *Id.* at PageID 1619. To excuse his procedural default, including the bar of the statute of limitations, Martin claimed he was actually innocent. Citing *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013), the Report concluded Martin had submitted no new evidence of the quality required by *Schlup v. Delo*, 513 U.S. 298, 319 (1995), which would persuade the Court that no rational juror would have voted to convict. (Report at PageID 1620).

In his Objections, Martin broadens his attack on his trial attorney. Martin

actually agrees that admission of the grey bag would not have changed the outcome because his trial attorney had a "bent of mind" in favor of his conviction and "[t]he Law was oppression politicized and being used by the ruling class to oppress and eliminate dissidents." (Objections, ECF No. 59, PageID 1638). Indeed, he asserts his trial attorney "victimized his Client with his Subversive, and Politicized Legal Activism." Martin even accuses the Magistrate Judge of "demonic intention."

Martin then appears to withdraw his assertion that Kelly Johnson's failure to testify about the grey bag was critical: "The Petitioner do[es] not claim to be carrying a Grey Bag at the time of offense. The Petitioner Martin is claiming to be innocent of the commission of the offense so he would not claim to be doing anything but being Innocent at the Time of the Offense." (Objections, ECF No. 59, PageID 1640).

Martin then argues a purported Ground Two, a violation of due process by being identified in a show-up instead of a lineup. This claim was not pleaded in the Petition and cannot be added in objections to a dispositive Report. The issue of a suggestive identification procedure was raised in a motion to suppress in April 2016 and its denial was available for direct appeal.

Martin also attempts to add a claim of ineffective assistance of appellate counsel as Ground Three. This claim also cannot be added by objection and is barred by procedural default because Martin did not file an application for reopening under Ohio R. App. P. 26(B), the sole method for raising an ineffective assistance of appellate counsel claim in Ohio.

Having reviewed Petitioner's Objections *de novo* as required by Fed.R.Civ.P. 72, the Court finds they are without merit and are hereby overruled. The Magistrate Judge's Report is adopted, and the Clerk is directed to enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**